**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| M-EDIF, Members of EDIF, W.MJ Boyd, Founder, also known as Wanda Boyd<br><br>Plaintiff,<br>v.<br><br>President Donald Trump, *et al.*,<br><br>Defendants. | Case No. 2:26-1183-RMG<br><br><br>**ORDER** |

This matter, brought pro se, is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 11), recommending that the Court dismiss this action without prejudice and without issuance and service of process.  Plaintiff was given notice that a party had 14 days from the date of the R&R to file any objection and a failure to file a timely objection would result in limited, clear error review and waiver of the right to appeal the district court's order. (*Id*. at 4). No timely objection was filed. For the reasons set forth below, the Court adopts the R&R as the Order of the Court, dismisses this action without prejudice and without issuance and service of process.

I.    **Legal Standard**

   A.  **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II. Discussion

As the Magistrate Judge accurately noted, Plaintiff appears to bring this pro se action on behalf of an entity by the name of "M-EDIF," which is described as an organization "to help restore civil and human rights of Americans impacted by the structural discrimination housed in the corners of our government." (Dkt. No. 1 at 10). The Magistrate Judge correctly concluded that a pro se plaintiff cannot bring a representative action and that such action is subject to summary dismissal. (Dkt. No. 11 at 2).

Plaintiff's action is brought against President Trump and various high ranking members of his administration for alleged violations of Title VI and the Federal Trade Act for "changing landscape of America" since 2020. (*Id*. at 8-9). The Magistrate Judge further correctly found that

the complaint failed to state a plausible claim, providing an additional basis for the summary dismissal of this action. (*Id*. at 3).

### Conclusion

For the foregoing reasons, the R&R is **ADOPTED** (Dkt. No. 11) as the Order of the Court, this action is **DISMISSED WITHOUT PREJUDICE AND WITHOUT ISSUANCE OR SERVICE OF PROCESS.**

**AND IT IS SO ORDERED.**

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 19, 2026
Charleston, South Carolina